FILED
SUPERIOR COURT
OF GUAM

2013 MAY -1 PM 3:10

CLERK OF COURT
BY: _____

# IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,       )
                                    )
        vs.             )
                                      )
JOCELYN REBECCA JESUS LEON    )
GUERRERO,                 )
                                      )
        Defendant.        )
                                      )

**CRIMINAL CASE NO. CM0395-11**

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant's motion to dismiss, filed February 6, 2013. Oral arguments were heard on February 25, 2013. Assistant Attorney General James C. Collins, Esq. appeared on behalf of the Government and Assistant Public Defender Suresh Sampath, Esq. represented the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On March 30, 2011, the Government filed a complaint to charge Defendant with driving under the influence of alcohol on or about April 16, 2010. The complaint was filed contemporaneously with a copy of a citation and notice for Defendant to appear on April 6, 2011 pursuant to 8 GCA Chapter 25. Defendant failed to appear on April 6, 2011 and the Court entered a bench warrant on April 11, 2011 which included Defendant's contact information.[1] More than a year later on October 24, 2012, the bench warrant was served upon Defendant and the Court appointed her counsel and released her that same day. Defendant was arraigned on October 31, 2012.

On January 23, 2013, Defendant filed the present motion to dismiss because she was not

---

[1] The bench warrant indicated Defendant's address and the citation indicated Defendant's address and contact information. However, the record is devoid of any attempts to contact or serve Defendant with the warrant between April 11, 2011 and October 24, 2012.

promptly arraigned within sixty (60) days of the complaint pursuant to *People v. Rasauo*, 2011 Guam 14. Defendant argues that the delay is not excused by good cause and that the complaint should be dismissed with prejudice. The Government argues that the complaint can only be dismissed with prejudice when the Defendant suffers from actual prejudice, bad faith or misconduct.

## DISCUSSION

Under Guam law, "unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *Rasauo*, 2011 Guam 14 ¶ 16. This rule applies "the statutory speedy trial time period delineated in 8 GCA § 80.60(a)(3)," to the prompt arraignment requirement delineated in 8 GCA § 60.10(a). *Id*. Good cause to delay a prompt arraignment is determined by the specific circumstances of each case. *Id*. at ¶ 14.

### 1. Good Cause to Delay Prompt Arraignment

Under Guam law, cases that evaluate delay and good cause in the statutory speedy trial context are instructional for the purposes of prompt arraignment under 8 GCA § 60.10. *People v. Julian*, 2012 Guam 26 ¶ 35. A speedy trial may be delayed by the following good causes: 1) conduct of the defendant; 2) delay that benefits the defendant; 3) unforeseen circumstances; and 4) prompt disposition of pretrial motions. *See e.g. People v. Flores*, 2009 Guam 22 ¶ 40; *Carver v. Superior Court*, 1998 Guam 23 ¶ 11; *Quinata v. Superior Court*, 2010 Guam 8 ¶ 36.

In this case, Defendant was arraigned on October 31, 2012, which is more than 60 days after the complaint was filed on March 30, 2011. An initial delay was caused by Defendant's failure to appear pursuant to 8 GCA Chapter 25, and a subsequent delay of more than a year may have been caused by the failure to contact or serve Defendant with a bench warrant. The affidavit on file memorializing the execution of the warrant reflects the arresting marshal received the bench warrant on October 24, 2012 and executed it upon Defendant the same day. The record is devoid of any attempts to locate Defendant prior to October 24, 2012. Judicial delay in prompt arraignment is attributed to the Government. *Julian*, 2012 Guam 26 at ¶ 22. Pursuant to *Rasauo*, 2011 Guam 14 ¶ 12, courts, judicial officers and prosecuting attorneys all

share the duty and the constitutional guarantee to promptly dispose criminal charges. *Id.* (*citing Strunk v. U.S.*, 412 U.S. 434, 439, n. 2 (1973) and 8 GCA § 80.50(a)). For this reason, the untimely arraignment is not excused by more than a year of judicial delay in the service of a bench warrant that included Defendant's contact information and the complaint shall be dismissed pursuant to *Rasauo*, 2011 Guam 14.

**2. Dismissal With or Without Prejudice**

Guam law does not specify whether dismissal with prejudice or dismissal without prejudice is the appropriate remedy for a violation of 8 GCA § 60.10(a) and *Rasauo*, 2011 Guam 14. The prompt arraignment requirement is an expression of the speedy trial right. *Stephen*, 2009 Guam 8 ¶ 32. Absent clear guidance to dismiss an untimely arraignment with or without prejudice, the Court shall consider the established speedy trial analyses in order to more consistently weigh the circumstances of an untimely arraignment. *See Id.* at ¶ 21 (an established rule or forewarning may be required to dismiss with prejudice).

Under Guam law, the Court must consider the following relevant factors to determine whether a delay violates the Sixth Amendment right to a speedy trial: 1) the length of the delay; 2) the reason for the delay; and 3) the presence or absence of prejudice resulting from the delay. *People v. Flores*, 2009 Guam 22 ¶¶ 41-42 (*citing Barker v. Wingo*, 407 U.S. 514, 521 (1972)). When federal time limits to begin trial are violated, the following factors direct whether to dismiss the prosecution with or without prejudice: 1) the seriousness of the offense; 2) the facts and circumstances that led to dismissal; 3) the impact of reprosecution on the administration of federal time limits and the administration of justice; and 4) the prejudice suffered by the defendant from the delay. *See U.S. v. Perez*, Crim. No. 09–00025, 2011 WL 2294194, at *3 (D. Guam Jun. 8, 2011) (*citing* 18 U.S.C. § 3162(a)(2); *U.S. v. Taylor*, 487 U.S. 326, 336-337, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1998); and *U.S. v. Lewis*, 518 F.3d 1171, 1176 (9th Cir. 2010)).

In this case, Defendant was arraigned on October 31, 2012, more than one year after the complaint was filed on March 30, 2011. The length of this delay may give rise to a presumption of prejudice. *Flores*, 2009 Guam 22 at ¶ 49. The delay was caused, in part, by the failure to serve a bench warrant and the responsibility for this delay weighs against the Government.

*Julian* 2012 Guam 26 at ¶ 22. Another possible cause for the delay may have been an inability to locate and serve Defendant, but the entire record is devoid of the information necessary to determine whether this delay was deliberate, negligent or justified, and the responsibility for the delay does not weigh in favor of either party. *Flores*, 2009 Guam 22 at ¶¶ 45-46. Most importantly, the complaint caused no oppressive pretrial incarceration, anxiety or concern before Defendant appeared on October 24, 2012, and there is no allegation of actual prejudice in this matter. *Id.* at ¶¶ 49-56. These circumstances weigh against a constitutional violation and against the Defendant's request for dismissal with prejudice.

Furthermore, a dismissal without prejudice is warranted in light of the relatively less serious misdemeanor offense, the aforementioned slight impact of the delay, the absence of clear Government neglect, and the aforementioned absence of prejudice suffered by Defendant. *See Perez*, 2011 WL 2294194, at *3-8. For all of these reasons, the complaint shall be dismissed without prejudice.

///

///

///

## CONCLUSION

Based upon the foregoing, the Defendant's motion to dismiss is hereby GRANTED and the complaint is dismissed without prejudice for the failure to promptly arraign Defendant pursuant to 8 GCA § 60.10(a) and *People v. Rasauo*, 2011 Guam 14.

SO ORDERED this __1ST__ day of May, 2013.

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

MAY 0 1 2013

James R. Borja
Deputy Clerk, Superior Court of Guam